All right, for the appellant, Ms. Donalds, you may proceed. May it please the court. Derrick Stewart was sentenced to a mandatory minimum sentence of 25 years, 20 for his drug offense, and 5 for his conviction for possession of a firearm and furtherance of drug trafficking pursuant to recidivist sentencing enhancements contained in 18 U.S.C. 841, 851, and 802 subsection 44. Under the categorical approach, his prior conviction should not have applied to enhance his federal conviction. It was ineffective assistance of trial counsel for his sentencing counsel who failed to challenge that enhancement. In Mr. Stewart's 2255 action for habeas corpus, the district court erred because it held that the categorical approach did not apply to controlled substance act sentencing enhancements, and that even if it did apply, Mr. Stewart did not prove that his prior conviction under Illinois law was not a prior drug felony under the Pre-First Step Act definition of a prior drug felony contained in section 802 subsection 44. So the first issue that this court then needs to decide is whether or not the categorical approach applies, and the overwhelming authority suggests that it does apply to the Controlled Substance Act. Yeah, what if we presume that that is true in light of the recent cases that have been delivered in our circuit, right? I mean, the real question, you know, is we've still got this hindsight problem, and the question I think on the ineffective assistance piece is really in light of what Hawkins and Brown had to say at the time that this particular sentencing took place. Is it really ineffective assistance of counsel? Would a reasonable lawyer at that point have thought, well, you know, the categorical approach has to apply, because Hawkins and Brown seem to imply that at least our court was laboring under a belief that that wasn't true, even though I can see that the more recent jurisprudence would say that, nah, that's wrong. It's a categorical approach that's supposed to apply, you know? But my real problem is the hindsight problem, because I think that at the end of the day, you know, you've got to satisfy both, right? That's a fair question, Judge Erickson, and I do think that there's some push and pull in the case law as to what counsel is expected to do when the law is unclear. Because you're right, there's precedent saying that if there's a controlling authority that says the opposite, counsel's not ineffective for not challenging that controlling authority. But this court has also said in the United States v. Moss, which was a 2001 case, that counsel cannot ignore developments in case law as they are happening. Where a particular legal argument has been repeatedly rejected, as with the Hawkins and Browns case, but defense counsel often challenges the argument and several commentators and courts have set forth the legal basis for the argument, a claim is reasonably available to a defendant and should be challenged. And also it's... And that should be challenged, I think, still in that broad bell curve of kind of deference that we give to lawyers for making all these sorts of tactical decisions, right? So why is this, under these particular circumstances, why was this decision by counsel outside the bell curve? Well, regarding specifically the Seventh Circuit challenges to the Illinois convictions at issue, the Seventh Circuit case law had not come out yet, but it was percolating. It was something that was being tracked and it was something that reasonable research would have revealed to diligent defense counsel. And regarding the broader issue of whether the categorical approach applies to these Controlled Substance Act cases, the circuit courts of appeals that are on the, yes, the categorical approach, applies aside of the split. In fact, were all decided before Mr. Stewart's sentencing, as well as the United States Supreme Court case law, which lays out the reasoning for applying the categorical approach to recidivist enhancement statutes. That was all decided before Mr. Stewart was sentenced. Well, even if you've got what I call the Hawkins problem, which is what Judge Erickson mentioned, but you also have a bit of a statutory problem. And what I mean by that is our Boline case, which came later, the 2019 case. We suggest and talk about the fact that this statute has very, very broad language. It only must, and I'm quoting, that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances. So even if the categorical approach applies, it applies in the broad sense of the statute. And so I wonder whether he could, you know, counsel could also be reasonable for saying, geez, this relates to narcotic drugs, marijuana, etc. So maybe I shouldn't make a challenge here. The short answer to that is no. I don't think counsel can stop at 802.44. Yes, 802.44 itself is broad in that it refers to convictions relating to narcotic drugs, marijuana, etc. But other parts of 802 define what those words themselves mean. For example, 802.17 defines narcotic drugs. And it lists specific formulations of opium, poppy straw, cocaine, and different types of cocaine that are qualified or not. So just saying 802.44 says narcotics and therefore any controlled substance that a state cares to classify as a narcotic is included in 802.44 isn't enough because the very same statute defines what a narcotic drug or what marijuana or what an anabolic steroid is. Well, I'm actually talking about the relating to. So you could have conduct referring to something that's not a narcotic drug, but a person might also be selling what qualifies as a narcotic under the categorical approach. So, you know, the old trench coat. Here's all the drugs I have. One of them is a narcotic, and then you have other things that might not be. I think that falls under the statute potentially because of the relating to language. Well, the question is whether he was convicted of an offense that contained a narcotic drug as 802 defines a narcotic drug. And the relating to doesn't allow, while it's broad and it might include different types of conduct such as offers to sell or aiding and abetting, which this court considered in the Boleyn case, it might refer to different kinds of conduct. But the relating to doesn't mean that we then interpret narcotic drugs differently than we interpret it in the rest of the statute. And that's the categorical analysis that Mr. Stewart was doing below, is not whether his specific conduct was relating to narcotic drugs, but whether it even involved a narcotic drug as this Controlled Substance Act defines it. You know, that's a fair point, but we keep coming back to this point where, you know, the question is, you look at this, where that lawyer was standing on that day that that sentencing took place. And to be constitutionally deficient, it's got to be, you know, well below the wide range of reasonable professional assistance. I mean, that means, like, you know, the guy's got to drown fairly far away from shore, right? I mean, and so I'm looking at this, and I'm looking at all this body of law that existed out there that was uncertain, and to some degree it's still uncertain today. You know, can we really say that the decisions the lawyer made were outside that wide range of reasonable professional assistance? In this case, I think you can, because 802.44 says it has to be a conviction relating to a narcotic drug. 802.17 defines narcotic drug, and the Illinois statute at convictions defines narcotic drug. And as we argued in our briefing below and before this court, the two lists don't match up as to what a narcotic drug is. So yes, there's some uncertainty in the law. I acknowledge that, but the basic framework for the modified categorical approach, you look at the statutes and you compare them to each other, and these are pretty clear statutes. They're not difficult to understand. And so Stewart's counsel failed to make that argument. They failed to challenge this prior Illinois conviction under the categorical approach. They failed to compare 802.44 and 802.17 to the Illinois Controlled Substance Act that applied when Mr. Stewart was convicted. And I think what's also exceedingly clear in this case is the prejudice to Mr. Stewart. Judge Rose could not have been clearer when she sentenced him that she didn't think this was a good case for a mandatory minimum. She acknowledged that Mr. Stewart was a nonviolent drug addict who was selling drugs to feed his addiction. And Judge Rose, she can tell the difference between defendants who are deserving of the mandatory minimum and defendants who are not. And she told Mr. Stewart, if the law ever changes, if I could give you a shorter sentence, I would, but I can't. The prejudice here is evident, and the deficient performance of counsel is evident because the case law was out there. The method was out there for counsel to figure out how to apply the categorical approach to this offense and do it. The district court missed that below. Fortunately, she granted a certificate of appealability because this court can correct it. And this court has recognized recently that it is appropriate to apply the categorical approach to Controlled Substance Act offenses. I believe Judge Strauss, in the Boleyn opinion, was one of the judges who applied the categorical approach to the Controlled Substance Act offenses. They're looking at whether aiding and abetting applies, which this court held that it does. And Judge Shepard, I believe you were part of a dissent from the Brown case, which said that it should not apply, saying that it should apply. Because it's part of this country's constitutional promise that, under the Sixth Amendment, that factors that increase the mandatory minimum penalty for a crime should be proved beyond a reasonable doubt. And the categorical approach is the only method to make sure that when a judge is engaging in that fact-finding sentencing, they are relying on matters that are proved beyond a reasonable doubt, either through the defendant's guilty plea or through a conviction record. And they're not engaging in a mini-trial as to what exactly the defendant was convicted under, unless they're only looking at the statutes, because the statutes here are clear. We got through all of that a little bit faster than I expected. If it's OK with your honors and you don't have any further questions, I'll reserve my remaining time for rebuttal. That's fine. All right. Counsel? May it please the Court, I'm Cliff Cronk. I'm the prosecutor that handled this case. And I think the strongest argument has already been addressed by Judge Erickson, but I also want to address Judge Strauss's points here. I think we're having a little bit of a semantic issue in the law. And I think when we use terms like categorical approach, it means one thing to one person and another thing to another person. The strongest argument here is that the case law at the time that this Mr. Stewart was sentenced was March of 2018. Most of the cases cited by counsel are after that. The elder case in the Seventh Circuit that she says was percolating, that wasn't even in the Eighth Circuit. It was the Seventh Circuit. And to hold Mr. Stewart's attorney to the standard that he has to know what issues are percolating in every circuit, even in every country. Because in this case, under 802.44, I believe it includes convictions that are foreign. So according to their standard, you'd have to know what foreign convictions are percolating through every country. To know on the day of sentencing whether or not this is a qualifying felony. I specifically would like to address the Bolin case when I talk about the quote, categorical approach. The categorical approach, we all know, started with the Armed Career Criminal Act. And the Armed Career Criminal Act categorical approach discusses whether or not an offense has an element to use, attempted use, or threatened use of physical force or violence. And so it specifically used the terms elements. Of course, there's the enumerated crimes clause. We don't have that in the 802.44 analysis. We have an offense that prohibits or restricts conduct relating to narcotic drugs. But not just narcotic drugs, as Ms. Donalds wants to cut it off there and say that's all we look at. We look at marijuana, anabolic steroids, depressants, or stimulant substances. So if you've sold cocaine, even if it doesn't have that special thing in it that the Seventh Circuit says eliminates it from being a controlled substance violation, it's still a stimulant. And it would still qualify under 802.44 as an offense that satisfies the 851 enhancement. I'm going to read specifically from the Boland decision which says, Looking only to the fact of a prior conviction and the statutory definition of a drug offense under Iowa law, including the Iowa law of aiding and abetting, as the categorical approach requires, we conclude that convictions under this statute categorically involve and relate to offenses described in 21 U.S.C. 802.44. That's the categorical approach. We look and see whether or not the state laws categorically involve and relate to offenses involving narcotic drugs, marijuana, anabolic steroids, or depressants or stimulant substances. Not whether or not the elements match up, offense for offense. That's a different kind of categorical approach. So we sort of have this umbrella of what is the categorical approach. Well, it's different depending on what the statute is that we're looking at. In under 802.44, that approach, we're looking at the state conviction to see if it categorically involves and relates to the enumerated types of conduct, which is narcotic drugs, marijuana, anabolic steroids, or depressants or stimulants. In this case, there's no question and the defense has made no argument that Mr. Stewart's prior felony drug conviction, of which he has more than one, but that his prior felony drug conviction is not a crime that involves and relates to narcotic drugs, marijuana, anabolic steroids, or depressants or stimulant substances. Given that, I don't see how his attorney was ineffective. She also indicated in her argument that these are not terms that are difficult to understand. And although I agree with this, she takes issue with Judge Rose's conclusion that if you look at this plainly, you can see that this is not an offense that falls outside of 802.44. And therefore, he does have a prior felony drug conviction that does satisfy the statute. And if Judge Rose got it wrong, then she must be ineffective. Mr. Mullen, in 2018, Mr. Stewart's lawyer, didn't have the benefit of Boland, didn't have the benefit of the subsequent cases, and certainly didn't have the foresight, apparently, to consider what all the 7th Circuit, the 9th Circuit, and other circuits were going to do. I also take issue with the description that there's this minority split here with the 8th, 10th, and 7th, I'm sorry, 6th Circuits being on one side, and all the other circuits that have decided this being on the other. I think if you look closely at those circuit opinions, when they're talking about the categorical approach, the word categorical is not magical. It just gets misconstrued. And when we think of categorical, most of the time we're thinking about those Taylor, Shepard, those kinds of cases where we're comparing elements to elements. And that's not what we should be doing here, and that's not what this Court did in Boland. And for that reason, Mr. Stewart did not get a lawyer who was ineffective, and he does have a prior felony drug conviction that supports his mandatory minimum sentence. If the Court has no questions, I'll yield the rest of my time. Very well. Thank you. Ms. Donalds, you have just over four minutes. Thank you, Judge. May I proceed? To respond to the argument that the 7th Circuit case elder was not reasonably available to Mr. Stewart's prior counsel, yes, the elder case came too late, but there were plenty of cases available before then that should have provided the framework that Mr. Stewart's prior counsel needed. The 9th Circuit case we cite in our brief, Hollis, was decided in 2007. 1st Circuit, United States v. Brown, decided in 2007. United States v. Curry, the 5th Circuit in 2005. United States v. Nelson, the 4th Circuit in 2007. These are each all Controlled Substance Act cases applying the categorical approach, but citing to Taylor to explain why they're applying the categorical approach. And Taylor is a case that's based on constitutional right to not have your mandatory minimum sentence increased by facts that are not proved beyond a reasonable doubt. This framework was available to counsel. Just because there's been some very recent cases that put it even better than these earlier cases doesn't mean that it wasn't available based on these earlier cases. Certainly, these cases don't explicitly invoke the Sixth Amendment, but they rely on Sixth Amendment case law in deciding that the modified categorical approach applies to Controlled Substance Act enhancements. And Judge Shepard, in the Brown dissent, you relied on Taylor as your argument for applying the modified categorical approach to Controlled Substance Act offenses. And again, that goes back to that Sixth Amendment argument that we shouldn't be enhancing mandatory minimums without following the requirements of the Sixth Amendment. Judge Rose did go on to apply the categorical approach, in her opinion, despite holding that it did not apply. And she applied the categorical approach in the same way that we're asking the court to do. She looked at the list of controlled substances under the Illinois statute. And she looked at the list of controlled substances under federal law. However, where Judge Rose erred was that she was looking at a predecessor version of the statute and not the Ruth case. We did bring the Ruth case to Judge Rose's attention at page 13 in the briefing below. And Judge Rose did acknowledge the Ruth case, in her opinion, holding that Mr. Stewart failed the categorical analysis. Specifically, she acknowledged the Ruth case, I believe, on page 6 or 7. And then on page 8, footnote 5, she noticed that the government put forward a different prior drug conviction that Mr. Stewart had. But under the Ruth case, this other prior drug conviction would not have applied under the modified categorical approach. So she was aware of this argument that we made below and that we're making on appeal. However, in doing the categorical approach, the Ruth case was missed. But the bottom line is that the argument was out there. It should have been made. And Derek Stewart would have had a shorter sentence if it had been made. That's ineffective assistance of counsel, and that's prejudice. We respectfully request that the order dismissing his 2255 petition be reversed and that this matter be remanded for further proceedings. Thank you. Thank you. All right, counsel. Thank you very much for your arguments and the cases submitted.